**SHENOUDA,**

v.

**MEHANNA, et al.**

No. CIV. A. 95–4460(NHP).

United States District Court, D. New Jersey.

Oct. 4, 2001.

Abed Awad, Clifton, NJ, for defendant.

Maria Ines Gonzalez, Colonia, NJ, for plaintiff.

### LETTER OPINION AND ORDER

POLITAN, District Judge.

This Matter comes before the Court on the motion of Defendant Samira Said to vacate a default judgment and dismiss the Complaint. Plaintiff Ishak Shenouda has filed a motion to dismiss the Defendant's motion to vacate the judgment. The Court heard oral argument on September 28, 2001. For the reasons explained herein, the motion of Defendant Samira Said to vacate the default judgment and dismiss the Complaint is **GRANTED**. Accordingly, the final default judgment entered against Defendant Samira Said and Defendant Hani Ahmed Mehanna is vacated, and the Plaintiff's Complaint is **DISMISSED *WITHOUT* PREJUDICE** as to both Defendants. This case is now **CLOSED**.

### BACKGROUND

The issue facing the Court in this matter is whether Defendant Samira Abdel Razik Said (hereinafter "Said") was properly served with the Summons and Complaint in Egypt. On August 24, 1995, Plaintiff Ishak Shenouda ("Plaintiff"), President of American Broadcast Commercial Video, Inc., filed a Complaint against Defendants Hani Ahmed Mehanna and Samira Abdel Razik Said. The Complaint alleged that the Defendants breached a contract entered into between them and Plaintiff which required the Defendants' Mehanna Musical Group to provide entertainment services for Plaintiff's promotion company.[1] Apparently, Defendant Said was a popular singer and entertainer.

Plaintiff claims that both Defendants were properly served with the Summons and the Complaint in Egypt pursuant to Egyptian law on October 29, 1995. Plaintiff concedes that the Defendants were not served pursuant to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, (hereinafter "Hague Service Convention" or "Convention"). Instead, Plaintiff argues that alternative methods of service consistent with Egyptian law suffices to effect service upon the Defendants. Specifically, Plaintiff contends that his previous attorney, Mr. Hanna Z. Hanna, Esq., translated the Summons and Complaint in Arabic and forwarded them to a local attorney in Egypt to serve on the Defendants. The local attorney, Ms. Inas Sharafeldin, prepared in Arabic the affidavit of service and submitted it to the Office of the Process Servers of the Agouza Small Claims Court, which apparently is an arm of the judiciary. Since Defendant Said's apartment was closed, the process server notified Said by certified mail. Said claims she never received the Summons and Complaint.

On November 13, 1995, Plaintiff filed a return of service as to the Defendants. Neither Defendant filed an answer or made an appearance. Subsequently, default was entered against the Defendants on March 28, 1996. On July 26, 1996, Magistrate Judge Ronald J. Hedges issued a Report and Recommendation in connection with Plaintiff's Notice of Motion for default judgment and a proof hearing. This Court entered a final

---

1. Defendant Hani Ahmed Mehanna, who is Defendant Said's former husband, has not moved to vacate the default judgment.

default judgment in favor of Plaintiff and against both Defendants for the sum of $578,600 on September 18, 1996.

Plaintiff attempted to execute on the judgment by filing an enforcement action in Egypt. As a result, Defendant Said filed the instant motion to vacate the default judgment. Plaintiff then countered with a motion to dismiss Said's motion to vacate the judgment. The Court typically does not entertain a motion by one party to "dismiss" their adversary's properly filed motion. Rather, the nonmovant usually files an opposition to the movant's motion. Hence, the Court will not address Plaintiff's motion to dismiss Said's motion to vacate, but will treat such filings simply as Plaintiff's opposition to Said's motion to vacate.

### DISCUSSION

Said's principle contention is that she was not properly served with the Summons and Complaint pursuant to the Hague Service Convention. Said also argues that she was never actually personally served with the Summons and Complaint, and that her first knowledge of this lawsuit occurred when Plaintiff attempted to enforce the judgment in Egypt.

### I. *Timeliness of the Motion to Vacate*

█ Plaintiff first raises the doctrine of laches in arguing that Said's motion to vacate is untimely insofar as it comes virtually five years after default judgment was entered in this case. Plaintiff points to the "reasonable time" provision in Federal Rule of Civil Procedure 60(b), which governs the vacatur of default judgments.[2]

█ Defendant Said challenges the default judgment pursuant to Rule 60(b)(4), which allows that a judgment may be vacated if it is void. Under Rule 60(b)'s express time limitation, such a motion must be made "within a reasonable time" after the judgment is entered. The Third Circuit, however, has held that there is no time limit to a motion to challenge a judgment because it is void. *See United States v. One Toshiba Color Televi-*

sion, 213 F.3d 147, 156 (3d Cir.2000) (*en banc*). This is so because a void judgment is no judgment at all, and consequently may be attacked at any time. *See id.* Therefore, Defendant Said's motion to vacate the default judgment is not untimely.

### II. *Service of Process Abroad*

█ Service of process is intended to protect a defendant's individual liberty interest arising from the Due Process Clause found in the Fourteenth Amendment. *See Insurance Corp. v. Compagnie des Bauxites,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The rules of service were composed to provide defendants with notice and an opportunity to defend themselves:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections ... The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance ... But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied....

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–315, 70 S.Ct. 652, 94 L.Ed. 865 (1950) [citations omitted].

No less protection is afforded to foreign defendants sued in the United States. Under Fed.R.Civ.P. 4(f), service may be effected upon an individual in a foreign country:

> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;....

Fed.R.Civ.P. 4(f). Rule 4(f)(2) also allows alternative means of service "if there is no internationally agreed means of service *or* the applicable international agreement al-

---

**2.** Federal Rule of Civil Procedure 55(c), which concerns the setting aside of defaults, provides

that the setting aside of default judgments are governed by Rule 60(b).

lows" other methods of service. (emphasis added).

Focusing on the language contained in Rule 4(f)(2), Plaintiff insists that service pursuant to the Hague Service Convention is not mandatory in any case. Plaintiff's reliance on Rule 4(f)(2) is misplaced. The first part of Rule 4(f)(2) is inapplicable because in this case there is an internationally agreed means of service, to wit, the procedures outlined in the Convention. The second portion of Rule 4(f)(2) does not apply because, as is demonstrated below, no alternative methods of service allowed by the Convention are available to Plaintiff.

■ Both the United States and Egypt are signatories to the Convention. The purpose of the Convention is to provide a simpler way to serve process abroad and to ensure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit in accordance with our notions of due process. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S.Ct. 2104, 2107, 100 L.Ed.2d 722 (1988). Plaintiffs who comply with the Convention find it easier to enforce their judgments abroad, as service in accordance with the Convention is generally accepted as ironclad. *See id.* at 706, 108 S.Ct. at 2111.

■ The Convention requires each signatory nation to establish a Central Authority to act as an agent to receive request of service, arrange for service of documents and return proofs of service. *See* The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 656 U.N.T.S. 163, at art. 2. Plaintiffs who sue foreign defendants in signatory countries are then required to request that a designated Central Authority execute service of process. *See id.* The destination country's Central Authority is then solely responsible for serving the document or for arranging to have it served "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory." *See id.* at art. 5.

■ The Supreme Court has held that compliance with the Convention is mandatory when serving a foreign defendant in a signatory country. *See Schlunk*, 486 U.S. at 699, 108 S.Ct. at 2108 ("This [Hague Convention] language is mandatory...."). *See also Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 534 n. 15, 107 S.Ct. 2542, 2550 n. 15, 96 L.Ed.2d 461 (1987); *Eli Lilly and Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 470 (D.N.J. 1998). Accordingly, where a destination country (such as Egypt) is a signatory to the Convention, the Convention's procedures are the exclusive means by which service of process may be effected in that country. Failure to comply with the Convention voids the attempted service. *See Eli Lilly and Co.*, 23 F.Supp.2d at 470.

In *Schlunk* and *Aerospatiale*, the Supreme Court seized upon the unambiguous, mandatory language found in the Preamble, Article I, to the Hague Service Convention. *See Schlunk*, 486 U.S. at 699, 108 S.Ct. at 2108; *Aerospatiale*, 482 U.S. at 534 n. 15, 107 S.Ct. at 2550 n. 15. The Preamble states as follows: "The present Convention *shall* apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *See* Hague Service Convention, art. 1 (emphasis added). In so doing, the Court contrasted the mandatory language in the Hague Service Convention with the nonmandatory language found in the Hague Evidence Convention. *See Schlunk*, 486 U.S. at 699, 108 S.Ct. at 2108; *Aerospatiale*, 482 U.S. at 534 n. 15, 107 S.Ct. at 2550 n. 15.

Although the Hague Service Convention offers signatories a variety of additional methods of service as an alternate to the Central Authority, none of these alternatives apply in this case. This is so because either the particular alternate method is inapplicable, or because the Convention permits each signatory country to object to these specified alternative means of service, and Egypt has exercised its right to object to the one alternate method which may have applied here. *See* Hague Service Convention, art. 8 ("Any State may declare that it is opposed to such service within its territory ....") *and* art.

10 ("Provided the State of destination does not object...."). *See also DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 288 (3d Cir.1981), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981) (Rule 4's service methods "may be used as long as the nation receiving service has not objected to them.").

For instance, Article 8 provides that each signatory nation may use its own diplomatic or consular agents to serve foreign defendants. *See* Hague Service Convention, art. 8. Article 9 permits signatories to use these agents to forward documents to designated authorities in the receiving nation who, in turn, serve process on the appropriate parties. *See id.* at art. 9. Neither Article 8 nor Article 9 is applicable in this case for two reasons. First, Plaintiff did not use Egypt's diplomatic or consular agents to serve Said. Secondly, Article 8 would be of no use to Plaintiff anyway since Egypt has objected to Article 8. *See Hague Convention, Full Status Report Convention # 14,* found on the Internet at *"http://www.hcch.net/e/status/stat14e.html"; Ortega Dominguez v. Pyrgia Shipping Corp.,* 1998 WL 310777, *2 (E.D.La. June 11, 1998).

Article 10 permits parties to send judicial documents via postal channels or through judicial officers in the receiving nation. *See* Hague Service Convention, art. 10. This provision, however, is inapplicable here because Egypt has objected to Article 10 in its entirety. *See Hague Convention, Full Status Report Convention # 14,* found on the Internet at *"http://www.hcch.net/e/status/stat14e.html"; Ortega Dominguez v. Pyrgia Shipping Corp.,* 1998 WL 310777, *2 (E.D.La. June 11, 1998); *Rich v. KIS California, Inc.,* 1988 WL 47605, *4 (M.D.N.C. Apr.25, 1988); *Kreimerman v. Casa Veerkamp SA: The Fifth Circuit Defines the Scope of the Inter–American Convention on Letters Rogatory,* 69 TULANE LAW REVIEW 823, 832 n. 17 (1995).

Furthermore, the Convention authorizes litigants to employ any method of service permitted by the receiving nation through prior international agreements or pursuant to the nation's internal law. Article 11 allows signatories to agree to other methods of service besides those listed in the preceding Articles. Article 19 provides that the internal law of a signatory with respect to service from abroad within its territory is not affected by the Convention. Articles 24 and 25 support any supplementary agreements between signatories to the Convention. But these Articles are also inapplicable since there is no evidence that Egypt and the United States entered into any prior or supplementary agreements concerning service of process. Further, all indications are that Egypt requires compliance with the Convention for service abroad within its territory, meaning that service in Egypt must travel through its Central Authority.

In light of Plaintiff's failure to comply with the Hague Service Convention, the default judgment against Defendant Said must be vacated. Indeed, the *Schlunk* Court warned against this very occurrence, cautioning that parties "who eschew [the Convention's] procedures risk discovering that the forum's internal law required transmittal of documents for service abroad, and that the Convention therefore provided the exclusive means of valid service." 486 U.S. at 706, 108 S.Ct. at 2111. Because this Court does not possess personal jurisdiction over Defendant Said, and since the Convention does not confer personal jurisdiction, Plaintiff's Complaint must be dismissed without prejudice. *See DeJames,* 654 F.2d. at 289 (finding Convention not a means of asserting personal jurisdiction over foreign defendant). Such dismissal does not act as an adjudication on the merits.

Accordingly, Defendant Said's motion to vacate the default judgment is granted. Although Defendant Hani Ahmed Mehanna has not joined in the instant motion to vacate, it is clear that service was not properly effected as to Mehanna either and, consequently, the Court cannot exercise personal jurisdiction over Mehanna. Therefore, the default judgment entered against Defendant Mehanna must also be vacated. Plaintiff's motion to dismiss the Defendant's motion to vacate is dismissed. Defendant Said's motion to dismiss the Complaint is granted, and, accordingly, Plaintiff's Complaint is dismissed without prejudice as to all Defendants.

172

## CONCLUSION

For the foregoing reasons, the motion of Defendant Samira Abdel Razik Said to vacate the default judgment entered against her in the amount of $578,600 on September 18, 1996, be and hereby is **GRANTED**; and the motion of Defendant Samira Abdel Razik Said to dismiss the Plaintiff's Complaint be and hereby is **GRANTED**. The default judgments entered in favor of Plaintiff and against the Defendants Samira Abdel Razik Said and Hani Ahmed Mehanna be and hereby are **VACATED**. Plaintiff Ishak Shenouda's motion to dismiss Defendant Samira Abdel Razik Said's motion to vacate be and hereby is **DISMISSED**. Plaintiff Ishak Shenouda's Complaint be and hereby is **DISMISSED *WITHOUT* PREJUDICE** in its entirety as to *all* Defendants. This case is now **CLOSED**.

    **IT IS SO ORDERED.**