Joseph **METTLE**, Plaintiff,

v.

**FIRST UNION NATIONAL BANK, Todd Burleson, in his individual capacity, Kathy Able, in her individual capacity, and Robert Faust, in his individual capacity, Defendants.**

Civil Action No. 01–4401(JLL).

United States District Court, D. New Jersey.

Aug. 18, 2003.

Joseph Mettle, South Orange, NJ, Pro Se Plaintiff.

David H. Ganz, Esq., Collier, Jacob & Mills, P.C., Somerset, NJ, Counsel for Defendant Wachovia Bank.

## OPINION

LINARES, District Judge.

This matter comes before the Court on the motion of Defendant Wachovia Bank, National Association (formerly known as First Union National Bank)[1] to set aside default and dismiss the complaint of *pro se* Plaintiff Joseph Mettle. The motion is resolved without oral argument. Fed. R.Civ.P. 78. For the reasons stated herein, Defendant's motion to set aside default is GRANTED, and Defendant's motion to dismiss the complaint is DENIED.

### BACKGROUND FACTS

In or about 1985, Plaintiff Joseph Mettle, an African–American male, commenced

---

1. For the sake of simplicity, the Court will continue to refer to this Defendant as "First Union" throughout the opinion.

employment with First Union National Bank's (hereinafter "First Union") predecessor in interest, Howard Savings Bank, in Livingston, New Jersey. (Pl.'s compl., at ¶¶ 5, 13). In or about 1990, Howard Savings Bank was acquired by First Fidelity Bank (hereinafter "First Fidelity"). (Pl.'s compl., at ¶ 14). At the time of the acquisition, Plaintiff was initially employed as a Senior Service Center Processor. (Pl.'s compl., at ¶ 14). On or about October 1, 1992, First Union acquired First Fidelity Bank. (Pl.'s compl., at ¶ 15). Plaintiff continued employment with First Fidelity in his capacity as Senior Service Center Processor. (Pl.'s compl., at ¶ 15).

On or about July 26, 1999, Plaintiff bid for the position of Work Coordinator. (Pl.'s compl., at ¶ 18). He interviewed for the position in October 1999. (Pl.'s compl., at ¶ 19). He alleges that on or about October 22, 1999, he was informed by Defendant Terri Daniels ("Daniels") of Human Resources, that he received the position. (Pl.'s compl., at ¶ 19). Plaintiff further alleges that thereafter, he was advised by Defendant Todd Burleson ("Burleson"), a manager at the First Union North Brunswick Operations Facility, that Defendants Kathy Able ("Able") and Robert Faust ("Faust"), supervisors at the facility, objected to his promotion. (Pl.'s compl., at ¶ 20).

Plaintiff asserts that in his conversation with Daniels on October 27, 1999, he was advised that an investigation would take place and he would be informed of the outcome. (Pl.'s compl., at ¶ 22). He was instructed to leave the facility until further notice. (Pl.'s compl., at ¶ 22). First Union explains that its employees had complained that Plaintiff was making threatening comments. (Def.'s Memo. in Supp. of Mot., at p. 8). An investigation ensued, and First Union alleges that witnesses verified that Plaintiff made threats to various individuals on several occasions. (Def.'s Memo. in Supp. of Mot., at p. 8). Plaintiff asserts that on November 1, 1999, he was advised by telephone that the investigation had been completed and his employment had been terminated. (Pl.'s compl., at ¶ 23). He alleges that he never received a written report of the investigation, nor was he notified in writing as to the basis for the termination. (Pl.'s compl., at ¶ 24).

On September 17, 2001, Plaintiff commenced the within action against Defendants First Union, Daniels, Burleson, Able and Faust, (hereinafter collectively referred to as "Defendants") alleging discrimination in violation of 42 U.S.C. § 2000(e), et seq., 42 U.S.C. § 1981, and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5–1, et seq.

On September 19, 2001, a summons was issued as to all Defendants. (Dckt. Entry, at p. 2). A return of service of process was filed by Plaintiff on July 19, 2002. (Dckt. Entry, at p. 2). The proof of service included a return receipt card, noting a delivery to First Union by certified mail on June 4, 2002. (Dckt. Entry, at p. 2). On October 15, 2002, Plaintiff requested entry of default as to all Defendants. (Dckt. Entry, at p. 2). On October 24, 2002, default was entered as to First Union. (Dckt. Entry, at p. 2).

Defendant First Union now moves under Fed.R.Civ.P. 55(c) to set aside the default of October 15, 2002. Additionally, First Union moves for dismissal of the complaint pursuant to Fed.R.Civ.P. 4(m), claiming that Plaintiff failed to properly effect service of the summons and complaint.

### DISCUSSION

**A. Standard for Setting Aside Default**

Federal Rule 55(c) provides for relief from the entry of default. "For

good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). The Third Circuit has indicated that the standard for setting aside a default is less stringent than for setting aside a default judgment. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir.1982)("Less substantial grounds may be adequate for setting aside a default. . . ."). A default will be set aside if it was not properly entered or if the party seeking default failed to meet a requirement of the rule. *See, e.g., Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 493 (3d Cir.1993)(where a default judgment was vacated for improper service); *see also Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985)(holding that a default judgment should be set aside for improper service). As a general matter, courts disfavor defaults. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir.1988). "Any doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on the merits." *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir.1976). It is well settled in this Circuit that, on a motion for vacating a default under FRCP 55(c) or a default judgment under FRCP 60(b), the district court, in exercising its discretion, must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist*, 756 F.2d at 19.

### 1. *Whether the Default Entered Against Defendant First Union Should Be Set Aside?*

■ First Union contends that a default or default judgment must be set aside if the default was not properly entered or if the party obtaining the default failed to meet a requirement of the Federal Rules. *Gold Kist*, 756 F.2d at 19 ("A default judgment entered when there has been no proper service of the complaint, is *a fortiori*, void, and should be set aside."). First Union further contends that the Court need not resort to an analysis of the three factors set forth in *Gold Kist*, as the factors only apply where the default was authorized. In *Gold Kist*, the Third Circuit specifically stated:

> [I]t is not necessary for us to resort to an analysis of those factors in this case because they apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default. Obviously, if the default judgment was improperly entered, the district court erred as a matter of law in refusing to set it aside.

*Gold Kist*, 756 F.2d at 19; *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir.1995)(holding that it would have been error as a matter of law if default judgment was entered against defendant who was not served with summons and complaint within 120 days of complaint's filing); *Grand Entm't Group*, 988 F.2d at 493 (concluding that defendants had not been properly served, therefore, default judgment against them could not stand and was vacated); *Shenouda v. Mehanna*, 203 F.R.D. 166, 171 (D.N.J.2001)(holding that default judgment must be vacated as the result of plaintiff's failure to serve summons and complaint).

■ First Union argues that here, Plaintiff did not properly effect service of the summons and complaint, and for that reason, the default must be set aside. Initially, First Union contends that Plaintiff did not effect service within 120 days of filing of the complaint, as required by Rule 4(m). This rule provides, in relevant part:

"[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice...." Fed. R.Civ.P. 4(m). Here, Plaintiff filed the complaint on September 17, 2001. First Union received a copy of the summons and complaint by certified mail on June 4, 2002. Consequently, First Union did not receive a copy of the summons and complaint until approximately 260 days after the filing of the complaint—a period clearly in excess of the 120–day time limitation set forth in Rule 4(m).

First Union further contends that Plaintiff failed to satisfy the service requirements governing corporations, as set forth in Rule 4(h). The rule specifically provides:

Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdi-

vision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof. Fed.R.Civ.P. 4(h).

■ Rule 4(h) provides that service upon a domestic corporation within a judicial district of the United States shall be effected in one of two ways. First, it can be effected by "[personally] delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...." Fed.R.Civ.P. 4(h)(1). Here, Plaintiff delivered a copy of the summons and complaint by mail, as the record contains a copy of the return receipt card indicating delivery by certified mail on June 4, 2002. Service by mail, alone, however, is insufficient to effectuate service in accordance with Rule 4(h). The rule clearly requires **personal** delivery of a copy of the summons and complaint to an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ...." of a defendant corporation. Fed.R.Civ.P. 4(h)(1). Here, Plaintiff's service by mail was ineffective as proper service upon First Union in accordance with Rule 4(h)(1).

■ In addition to personal service upon an officer or agent, Rule 4(h) allows a party to serve a corporation by effecting service in a manner prescribed by Rule 4(e)(1). Fed.R.Civ.P. 4(h)(1). Rule 4(e)(1) governs service upon an individual. The rule provides for service "pursuant to the law of the state in which the district court is located...." Fed.R.Civ.P. 4(e)(1). Under the New Jersey Rules of Court, service upon a domestic corporation may be performed by personal service upon "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on

a person at the registered office of the corporation in charge thereof...." New Jersey Court Rule 4:4–4(a)(6). The New Jersey Rules of Court further provide for service upon a corporation outside of the state by mail, "[i]f it appears by affidavit ... that despite diligent effort and inquiry personal service cannot be made...." New Jersey Court Rule 4:4–4(b)(1). As indicated above, Plaintiff delivered a copy of the summons and complaint to First Union by certified mail, not personal service. The record fails to reveal evidence of personal service on any First Union officer or agent, or the submission of any affidavit of diligent effort, as required for effective service under the New Jersey Rules of Court. New Jersey Court Rule 4:4–4(a)(6),(b)(1). Therefore, Plaintiff has failed to meet the service requirements set forth in the New Jersey Rules of Court, and consequently, Federal Rule 4(h).

In his opposition,[2] Plaintiff contends that he properly served First Union with a copy of the summons and complaint, apparently referring to delivery to First Union by certified mail on June 4, 2002. However, as indicated above, this Court has concluded that Plaintiff did not properly effect service of the summons and complaint upon First Union in accordance with the Federal Rules. Plaintiff failed to timely serve First Union in conformity with Rule 4(m), as First Union did not receive a copy of the summons and complaint until

approximately 260 days after Plaintiff filed the complaint—a period clearly in excess of the 120–day time limitation set forth in the rule. He also failed to serve First Union in a manner prescribed by Rule 4(h), as he did not personally deliver of a copy of the summons and complaint to First Union's "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...." Fed.R.Civ.P. 4(h). Furthermore, Plaintiff failed to effectuate service in accordance with Rule 4(e)(1), as he did not provide an affidavit of diligent effort, in compliance with New Jersey Court Rule 4:4–4(b)(1). Consequently, as there has been no proper service of the summons and complaint upon First Union, sufficient "good cause" exists for setting aside the default entered on October 24, 2002, against First Union. *Gold Kist,* 756 F.2d at 19; *Petrucelli,* 46 F.3d at 1304; *Grand Entm't Group,* 988 F.2d at 493; *Shenouda,* 203 F.R.D. at 171. Accordingly, First Union's motion to set aside the entry of default is granted.[3]

## B. Whether Plaintiff's Complaint Should Be Dismissed?

■ First Union argues that Plaintiff's case should be dismissed for failure to timely serve a copy of the summons and complaint. As discussed above, the Federal Rules require service within 120 days

---

**2.** In his opposition to the within motion, Plaintiff makes reference to a "default judgment." (Pl.'s Lttr. in Rply. to Not. of Mtn., at pp. 1–2). A review of the docket sheet in this matter only reveals that a default was *entered* as to First Union on October 24, 2002. There is no indication on the docket sheet or otherwise that a default *judgment* has been secured by Plaintiff against First Union in this matter. Furthermore, this Court's review of the file in this matter fails to reveal the existence of any Order granting a default judgment against First Union. Moreover, the record fails to disclose any affidavits or other documentary

evidence required under Rule 55(b), which are necessary in order to obtain a default judgment. Fed.R.Civ.P. 55(b). Accordingly, this Court rejects Plaintiff's contention that a default judgment has been secured against First Union.

**3.** As this Court finds that the entry of default against First Union is void based on the improper service of the summons and complaint, the Court need not consider the factors set forth in *Gold Kist. Gold Kist,* 756 F.2d at 19.

from the filing of the complaint. Fed. R.Civ.P. 4(m). Rule 4(m) states in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

■ Here, Plaintiff filed the complaint on or about September 17, 2001, and mailed a copy of the summons and complaint to First Union on or about June 4, 2002—which is a period of approximately 260 days after he filed the complaint. Pursuant to Rule 4(m), this Court can dismiss the action or grant Plaintiff an extension of time for service. *Id.* It is well settled that district courts have discretion to dismiss a complaint where a plaintiff has failed properly effect service on a defendant. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992).

■ In determining whether to grant a plaintiff an extension of time to serve a defendant, a district court must follow a two-step procedure.

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir.1998); *MCI*

*Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir.1995), *cert. denied*, 519 U.S. 815, 117 S.Ct. 64, 136 L.Ed.2d 25 (1996); *Petrucelli*, 46 F.3d at 1305.

The Third Circuit has defined "good cause" as being tantamount to "excusable neglect" under Rule 6(b). *Petrucelli*, 46 F.3d at 1307, n. 11; *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir.1987). The Third Circuit has identified the following factors as relevant to the evaluation of whether excusable neglect has occurred:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

*Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir.1988).

In addition, the Third Circuit has held that inadvertence and "half-hearted efforts at service which fail to meet the standard" do not constitute "good cause." *Braxton*, 817 F.2d at 241.

In *Petrucelli*, the Third Circuit identifies the Advisory Committee note to Rule 4(m) as instructive in determining whether to exercise its discretion to extend time for service in cases where "good cause" is found not to exist. *Petrucelli*, 46 F.3d at 1305–06. The court stated, " '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.' " *Id.* (citing Fed.R.Civ.P. 4(m) advisory committee's note).

In the case *sub judice*, Plaintiff mailed a copy of the summons and complaint to

First Union approximately 260 days after he filed the complaint. In response to First Union's motion, Plaintiff simply states, "I filed a Summons and Complaint with the Court and properly served the Summons and Complaint on each of the defendants." (Pl.'s Lttr. in Rply. to Not. of Mtn., at p. 2). Plaintiff does not provide the Court with any explanation for failing to serve First Union within 120 days of filing the instant action.

Upon review of the Advisory Committee's notes to Rule 4(m), however, this Court elects to exercise its discretion and extend the time for service in this matter. *Petrucelli*, 46 F.3d at 1305–06. Specifically, it appears to this Court that the statute of limitations might pose a problem to the *pro se* Plaintiff if the action were to be dismissed and Plaintiff required to refile this action at this juncture. Additionally, although Plaintiff's *pro se* status does not protect him from dismissal, the Court is mindful of Plaintiff's efforts to serve First Union, albeit by certified mail. *Crissy v. I.R.S.*, 80 A.F.T.R.2d 97-5831 (D.N.J. July 28, 1997), 1997 U.S. Dist. LEXIS 11517, *4("*[P]ro se* status does not completely relieve a plaintiff of his duty to properly serve defendants.") Practicality and judicial economy would best be served by permitting Plaintiff to prosecute this action, instead of an outright dismissal of the Complaint. A dismissal would require *pro se* Plaintiff to refile the action in a timely manner within a fairly short period of time and in addition to properly serve the defendants the summons and complaint. Accordingly, the Court grants Plaintiff a **forty-five (45) day extension** within which to properly serve First Union in accordance with the Federal Rules. If Plaintiff fails to properly effectuate service within this period, First Union can apply to this Court for a dismissal of the action pursuant to Rule 4(m). In light of the forgoing, this Court denies First Union's request to dismiss Plaintiff's complaint.

## Conclusion

For the foregoing reasons set forth above, the Court grants First Union's motion to set aside the entry of default. The Court, however, denies First Union's motion to dismiss the complaint. Plaintiff is granted a forty-five (45) day extension within which to serve First Union in accordance with the Federal Rules. The accompanying Order is entered.

## ORDER

This matter having come before the Court upon Defendant First Union's application to set aside default and dismiss the complaint of *pro se* Plaintiff Joseph Mettle, and the Court having considered the submissions of the parties, and for the reasons expressed in the Opinion of today's date;

**IT IS,** this 18th day of August, 2003, hereby

**ORDERED** that Defendant First Union's motion to set aside the entry of default is GRANTED; it is further

**ORDERED** that Defendant First Union's motion to dismiss the complaint is DENIED, and it is further

**ORDERED** that Plaintiff must effectuate proper service upon defendant First Union in accordance with the Federal Rules within forty-five (45) days.